UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **IN RE PAYMENT CARD INTERCHANGE FEE AND MERCHANT DISCOUNT ANTITRUST LITIGATION** | Case No: 14-MD-01720 (JG) (JO) |
| **This Document Applies to:** *Salveson, et al. v. JP Morgan Chase & Co., et al.* | Case No: 1:14-cv-03529 (JG) (JO)<br><br>**ORAL ARGUMENT REQUESTED** |

<u>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE SALVESON PLAINTIFFS' MOTION TO VACATE THE JUDGMENT AND FOR RECONSIDERATION OR REARGUMENT PURSUANT TO LOCAL CIVIL RULE 6.3 OF NOVEMBER 26, 2014 ORDER AND DECEMBER 4, 2014 JUDGMENT**</u>

JOSEPH M. ALIOTO
ALIOTO LAW FIRM
One Sansome Street, 35th Floor
San Francisco, CA 94104
Telephone: 415-434-8900
Facsimile: 415-434-9200

*Attorneys for the Salveson Plaintiffs*

# **TABLE OF CONTENTS**

**INTRODUCTION** ................................................................................................................ 1

**SUMMARY OF THE ARGUMENT AND THE REASONS WHY**

**RECONSIDERATION AND REHEARING SHOULD BE GRANTED** ..................... 1

**LEGAL STANDARD** ........................................................................................................ 2

**QUESTION PRESENTED** ............................................................................................... 2

**ARGUMENT** ..................................................................................................................... 2

**CONCLUSION** .................................................................................................................. 5

# TABLE OF AUTHORITIES

*Cases*

*Anderson News, LLC v. American Media, Inc.*,
   680 F.3d 162 (2nd Circuit 2012) ........................................................................................ 2

*California v. ARC America,*
490 U.S. 93 (1989) ................................................................................................................ 1, 2

*Illinois Brick Co. v. Illinois*,
431 U.S. 720 (1977) ........................................................................................................ passim


*Statutes and Rules*

Local Civil Rule 6.3 ..................................................................................................................... 1

## INTRODUCTION

Pursuant to Local Civil Rule 6.3, the Plaintiffs respectfully move the Court to Vacate the Judgment entered on December 4, 2014, and grant Reconsideration and Rehearing of the Defendants' Motion to Dismiss.

The grounds for the Motion, in the opinion of the Plaintiffs, are that the Court misapprehended and overlooked material points of fact and law, and a question of substantial importance is presented[1].

## SUMMARY OF THE ARGUMENT AND THE REASONS WHY RECONSIDERATION AND REHEARING SHOULD BE GRANTED

The Plaintiffs alleged that the Defendants and their co-conspirators conspired to fix super-competitive interchange fees. The Plaintiffs alleged that they paid those fees. The Plaintiffs alleged that under § 4 of the Clayton Antitrust Act, as interpreted by the Supreme Court of the United States in *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977), and the Plaintiffs, and the Plaintiffs alone, as the first payors, are the only claimants allowed to recover the overcharge.

Any other claimants must proceed under the antitrust laws of those States of the United States who passed so-called "Repealer Statutes" of the *Illinois Brick* decision. *See California v. ARC America,* 490 U.S. 93 (1989).

State court antitrust actions by indirect purchasers which may raise issues of multiple recoveries and extensive litigation for tracing and apportionment damages are

---

[1] In response to the Defendants' letter to the Court, the Plaintiffs have responded separately and incorporate that letter in this Motion. (Dkt. No. 89) The Plaintiffs respectfully submit that the Defendants' letter fails to give any reason why any state law claims should be dismissed. *See California v. ARC America,* 490 U.S. 93 (1989).

not superseded by the Supremacy Clause or the *Illinois Brick* considerations for adopting the direct payor rule.  *See California v. ARC America, supra,* 490 U.S. 93.

## LEGAL STANDARD

As noted by this Court in its November 26, 2014, Memorandum at page 4, the Plaintiffs alleged that the Defendants and co-conspirators participated in the conspiracy to fix the interchange fee; that the Plaintiffs were injured by reason of the Defendants' conspiracy and that they paid more than they otherwise would have, and that they were injured thereby.

Also, at page 4 and 5 of this Court's opinion, the Court noted that under Rule 12, the Court was required to accept all facts alleged as true and all inferences in favor of the non-moving party.  *Also see Anderson News, LLC v. American Media, Inc.*, 680 F.3d 162 (2nd Circuit 2012).

## QUESTION PRESENTED

The question presented is who is the direct purchaser, the direct payor under § 4 of the Clayton Act, as interpreted by the Supreme Court in *Illinois Brick*?   The Cardholder or the Merchant?

## ARGUMENT

Both the cardholder (consumer) and the merchant have been damaged by the multiple violations of the Defendants, including the price fixing of the interchange fee, but under *Illinois Brick*, only one may recover the totality of the overcharge.  The other must seek relief under the state laws of the states that passed *Illinois Brick* "Repealer Statutes," all of which states were allowed the full exercise of their state's rights without regard to any of the strictures or requirements of congressional policy announced in the

*Illinois Brick* decision[2].

Both the cardholder consumers and the merchants claim and allege that they are the "direct" payors of the interchange fee fixed by the conspiracy between and among the Defendants and their co-conspirators. Taking the claims of both the cardholders and the merchants to be true—at least at this stage—as the Court must, then, at the minimum, both must be allowed to proceed with the ultimate "proof in the pudding."

The Court has already denied the Defendants' motion to dismiss the so-called opt-out merchants on the issue of standing under *Illinois Brick*. The Court should and must vacate its judgment and deny the Defendants' Motion to Dismiss against the cardholders

---

[2] Plaintiff respectfully submits that the Court misapprehended the portion of counsel's argument at page 69 of the transcript with regard to counsel's view that "'sometimes *Illinois Brick* has a—it has a very bad and seemingly unfair result.' Id. at 69." November 26, 2014, Opinion at p. 7, fn.3.

The Court apprehended the statement as a "betrayal" of "plaintiffs' real complaint" that *Illinois Brick* "precludes the federal claim" advanced by the plaintiffs. To the contrary, and with respect, the remaining portion of that argument demonstrates that *Illinois Brick* precluded the merchant's case, not the cardholders. The remaining part of the argument is as follows:

MR. ALIOTO: First of all, I think in this case, I
believe that the merchants are not completely out of the
situation, because sometimes Illinois Brick has a -- it has a
very bad result and seemingly unfair result. A lot of
merchants were under a lot of restrictions, and the valuation
of their businesses and the lost profits of their businesses
are, in my opinion, substantial and have been substantially
affected by this conspiracy, even though they are not the
interchange payors. But it's a different kind of damage.
It's a value damage. It's different. It's not the
overcharge. According to Illinois Brick, the overcharge are the
people who first pay it.

THE COURT: Okay.
(Dec. of Joseph M. Alioto, Exhibit D, pp. 69:22-25, 70:1-10.)

3

on the supposed ground that the cardholders do not have standing as direct payors under *Illinois Brick*.

There is no question that the cardholders repeatedly alleged that they were the direct payors or purchasers in their Complaint[3]. Are the allegations of the cardholders "plausible?" It is manifest and self evident that the cardholders pay the fixed interchange fee, but also others, when attempting to chart the flow of the money, have consistently noted that it is the cardholder who pays the interchange fee. (Attached to the Declaration of Joseph M. Alioto are the charts of Visa itself, the Government Accounting Office, and the Federal Reserve Bank, **Exhibits A, B, and C**.)

In its decision, this Court explained the structure of the network. (Memorandum Opinion at page 4.) Although the court included the so-called "issuing bank," the 'acquiring bank," and the merchant, the cardholder consumer was omitted. The Court concluded by saying that "the issuing bank then sends the acquiring bank the amount of the purchase price <u>minus an interchange fee</u>. *See id*. The defendants in this case are issuing banks." *Id*. Who pays the interchange fee that the issuing bank withholds? The cardholder pays it.

Others may be indirectly hurt, as surely they are because of the massive violation of the law that these Defendants have extracted by using their combined platform to launch numerous and multiple anticompetitive practices, which have already been

---

[3] Case No: 1:14-cv-03529 (JG) (JO)**,** Dkt. No. 1, Page 2, lines 3-4; ¶ 1, line 28; ¶ 2, lines 4-7; ¶ 3, lines 17-19; ¶ 5, lines 24-25; ¶ 6, lines 3-4; ¶ 14, lines 17-19; ¶ 16 lines, 26-27; ¶ 17, lines 7-9; ¶ 18, lines 14-15; ¶ 19, lines 20-21; ¶ 24a, lines 21-22; ¶ 24b, lines 25-26; ¶ 38, lines 23-26; ¶ 47, lines 18-20; ¶ 48, lines 26-28; ¶ 49, lines 8-9; ¶ 50 lines 24-25; ¶ 51, lines 4-5; ¶ 65, line 14; ¶ 81, lines 24-26; ¶ 82, lines 4-5; ¶92a, lines 4-7; ¶ 92b, lines 8-9; ¶ 100, lines 16-17; ¶ 102, lines 19-20 (fraudulent concealment to cardholders); ¶ 104, lines 5-7; ¶ 105, line 12; ¶ 108a, lines 2-3; ¶ 109a, lines 13-16; ¶ 110, lines 25-27; ¶ 115, lines 23-24.

4

condemned by the Second Circuit and enjoined by this Court.

## CONCLUSION

The postulation of the question as to who has standing under § 4 of the Clayton Act for the price fixing of the interchange fee is apparently not easy. This is because the question has been clouded by extraordinary wordsmithing and linguistic legerdemain. Notwithstanding all the fog, the cardholder plaintiff is the first payor and the only payor.

The Plaintiffs respectfully submit that the Court should grant Plaintiffs' Motion to Reconsider its decision and to Vacate the Judgment.

Dated: December 18, 2014

Respectfully submitted:
**ALIOTO LAW FIRM**

By: _____/s/ Joseph M. Alioto_____
JOSEPH M. ALIOTO
ALIOTO LAW FIRM
One Sansome Street, 35th Floor
San Francisco, CA 94104
Telephone: 415-434-8900
Facsimile: 415-434-9200

*Attorneys for the Salveson Plaintiffs*